IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN McNEAL**                                                                             **PLAINTIFF**

V.                                                                           **NO. 3:20CV331-MPM-JMV**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

### ORDER

Before the Court is a motion to substitute the plaintiff [12]. According to the motion, which is supported by a copy of a death certificate, Plaintiff Karen McNeal passed away on March 1, 2021. The motion requests that Plaintiff's son, Chase McNeal, be substituted as the plaintiff in this action. Ms. McNeal initiated this Social Security appeal *pro se* on December 17, 2020. According to the amended complaint [6], filed January 7, 2021, Ms. McNeal's claim is for review of a decision of the Commissioner which denied her claim for disability insurance benefits ("DIB"). Counsel for the Commissioner, who has been granted an extension of time in which to file an answer herein[1], has advised the Court that the defendant has no objection to the motion for substitution.

Federal Rule of Civil Procedure 25(a)(1) provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party . . . If [a] motion [for substitution] is not made within 90 days after service of a statement noting the death, the action . . . must be dismissed." Ultimately, then, three conditions must be satisfied before a party can be substituted, *see* FED.R.CIV.P. 25(a)(1): (1) the claim must survive the plaintiff's death; (2) the

---

[1] *See* Order [11] dated March 22, 2021.

individual seeking to be substituted must be a "proper party"; and (3) the motion for substitution must be made "within 90 days after service of a statement noting the death." *Id.*

In DIB and SSI cases, the claim does not extinguish, and the proper party may be entitled to underpayments. *See* 20 C.F.R. §§ 404.503 and 416.542. And, since no statement noting the death of the claimant was served in this case prior to the filing of the instant motion, the 90-day period was not triggered. So, the Court has only left to address whether Mr. McNeal is a proper party.

If a claimant dies before she receives a DIB underpayment,[2] certain other individuals may receive the underpayment pursuant to an order of priority. *See* 20 C.F.R. § 404.503(b). Generally, children who are not minors, not disabled, and not full-time students, are fifth in the order of priority. *See* 42 U.S.C. § 404(d)(5); 20 C.F.R. 404.503(b)(5). "A member of any of the enumerated classes eligible for a deceased claimant's benefits has standing to pursue the deceased claimant's benefits." *Blanton ex rel. Blanton v. Astrue*, No. 1:10–cv–2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011), *report and recommendation adopted*, 2011 WL 2637248 (N.D. Ohio July 6, 2011) (citing *Youghioheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir.1995)). "An eligible individual, however, may receive such benefits only if there are no preceding eligible individuals in the order of priority." *Id.* (citing 20 C.F.R. § 404.503(b) and 42 U.S.C. § 404(d)). Though Mr. McNeal alleges he is the decedent's son and has produced the notice of substitution form he submitted to the Social Security Administration, there is no indication the agency has approved the substitution. Nor has Mr. McNeal otherwise submitted proof he is a proper person to be substituted in this action. *Cf. Brown obo Brown v.*

---

[2] The term "underpayment" includes "nonpayment where some amount of such benefits was payable. An underpayment may be in the form of an accrued unpaid benefit amount for which no check has been drawn or in the

*Berryhill*, Case No. 17-CV-11577, 2017 WL 5493362, at *1-2 (E.D. Mich. Sept. 8, 2017), *report and recommendation* adopted, 2017 WL 5898459 (E.D. Mich. Nov. 30, 2017) (finding action should be dismissed without prejudice for lack of standing for failure of parent of deceased claimant to affirmatively establish his right to benefits ahead of possible other claimants at higher priority levels under the Social Security regulations). Accordingly, the instant motion is DENIED without prejudice to Mr. McNeal's right to renew his motion—supported with sufficient proof of standing to pursue the DIB claim in this matter—within 90 days after 3/26/21.

     SO ORDERED this 8th day of April, 2021.

                                       /s/ Jane M. Virden
                                       U.S. Magistrate Judge

---

form of an unnegotiated check payable to a deceased individual." 20 C.F.R. § 404.501(a).